IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN OLMEDO SERRANO, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SECRETARY WETZEL, et al. | : | |
| Respondents. | : | NO. 13-3618 |

### REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution Forest, in Marienville, Pennsylvania. For the reasons which follow, it is recommended that the petition be DISMISSED.

I.    PROCEDURAL HISTORY

On April 21, 2008, petitioner, represented by Attorney Andres Jalon, entered guilty pleas to two counts of attempted murder and one count of criminal conspiracy in the Court of Common Pleas of Philadelphia. (CP-51-CR-0008368-2007). On September 30, 2008, the Honorable Gwendolyn N. Bright sentenced petitioner to serve concurrent terms of not less than twelve and one-half (12 ½ ) years nor more than twenty-five (25) years imprisonment. These charges stemmed out of an incident in May 2007 in which petitioner was the driver of the vehicle from which petitioner's co-conspirators fired weapons at two individuals.

Petitioner did not file a direct appeal. On June 23, 2009, petitioner filed a timely *pro se* collateral petition under the Post-Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541, *et seq*. Counsel was appointed. On November 9, 2009, petitioner filed a pro se amended PCRA

1

petition. On February 11, 2011, petitioner's court appointed counsel submitted a no-merit letter pursuant to Commonwealth v. Finely, 379 Pa. Super. 390, 550 A.2d 213 (1988) (en banc)[1], with a petition to withdraw. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa. R. Crim. P. 907, and petitioner filed a response to the PCRA dismissal notice. On September 15, 2011, the court dismissed the PCRA petition without a hearing.

On October 17, 2011, petitioner appealed the PCRA court's decision to the Superior Court (Case No. 2836 EDA 2011). On January 23, 2013, the Superior Court affirmed the PCRA court's denial of the petition.

On June 24, 2013, petitioner filed the instant timely petition for Writ of Habeas Corpus claiming:

(1) Ineffective assistance of trial counsel for advising petitioner as to an inaccurate sentence he would receive if petitioner plead guilty; and

(2) Ineffective assistance of trial counsel for failing to file a motion for reconsideration of sentence.

Respondents argue that petitioner's first claim is without merit. Additionally, respondents argue that petitioner's second claim is procedurally defaulted. We agree.

II.     STANDARD OF REVIEW

Petitioner's first claim is subject to the following standard of review.

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a significant burden. Section 104 of the AEDPA imparts a presumption of correctness to the state

---

[1] Pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), appointed counsel in a post-conviction proceeding may be given leave to withdraw upon the submission of a "no-merit" letter that details the nature and extent of this review of the case, lists each issue the petitioner wished to have reviewed, and explains his assessment that the case lacks merit. The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition

court's determination of factual issues - a presumption that petitioner can only rebut by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (1994). The statute also grants significant deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court, in Williams v. Taylor, 529 U.S. 362, 404-05, 120 S. Ct. 1495 (2000), interpreted the standards established by the AEDPA regarding the deference to be accorded state court legal decisions, and more clearly defined the two-part analysis set forth in the statute. Under the first part of the review, the federal habeas court must determine whether the state court decision was "contrary to" the "clearly established federal law, as determined by the Supreme Court of the United States." As defined by Justice O'Connor, writing for the majority of the Court on this issue, a state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that reached by [the Supreme Court]." Id. Justice O'Connor explained, however, that this "contrary to" clause does not encompass the run-of-the-mill state court

3

decisions "applying the correct legal rule from Supreme Court cases to the facts of the prisoner's case." Id. at 406.

To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1). It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407-08. The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410.

III.   DISCUSSION OF MERITS

Petitioner's first claim is that trial counsel was ineffective for advising petitioner as to an inaccurate sentence petitioner would receive if he pled guilty, because counsel allegedly told petitioner that petitioner would receive a sentence of seven and one-half (7 ½) to fifteen (15) years' imprisonment, rather than the twelve and one-half (12 ½) to twenty-five (25) years he received. Petitioner claims he would not have entered a guilty plea if he had been told he could receive the sentence that he received.

When reviewing claims of ineffective assistance of counsel, this court must view the totality of the evidence before the trial court and determine whether the petitioner has shown that the decision reached is reasonably likely to have been different, absent the alleged

ineffectiveness of counsel.  Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, reh'g denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984).  The Sixth Amendment to the United States Constitution recognizes the right of every criminal defendant to effective assistance of counsel.  U.S. Const., Amend. VI.  The Supreme Court has set forth a two-prong test - both parts of which must be satisfied - by which claims alleging counsel's ineffectiveness are adjudged.  Id. at 668.  First, the petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness."  Id.  The Supreme Court has explained that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstance of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 76 S. Ct. 158, 163-64 (1955)).

A convicted defendant asserting ineffective assistance must therefore identify the acts or omissions that are alleged not to have been the result of reasoned professional judgment.  Id. at 690.  Then the reviewing court must determine whether, in light of all the circumstances, the identified acts or omissions were outside "the wide range of professionally competent assistance."  Id.  Under Pennsylvania law, counsel is not ineffective for failing to raise baseless or frivolous issues.  Commonwealth v. Wilson, 393 A.2d 1141, 1143 (Pa. 1978).

Second, the petitioner must demonstrate that his counsel's deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."  Id. at 694.  A reviewing court need not determine

whether counsel's performance was deficient before considering whether the petitioner suffered any prejudice as a result of the alleged deficiency.  If it is easier to dispose of an ineffectiveness claim for lack of the requisite prejudice, that course should be followed.  Id. at 697.

Where, as here, the challenged conviction resulted from a guilty plea, prejudice is established only by showing "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Pennsylvania applies the same test for ineffective assistance of counsel as the federal courts. See  Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir.2000); Commonwealth v. Sneed, 587 Pa. 318, 899 A.2d 1067, 1075–76 (Pa.2006).

The PCRA court reviewed this claim, and found it lacked merit.  The Superior Court affirmed that finding.  The Superior Court explained that, prior to accepting petitioner's guilty plea, the trial court engaged petitioner in a lengthy oral colloquy, during which petitioner explained that he understood his rights and that his plea was voluntary.  See Pa.Sup. Ct. Op. 1/23/13, at 5, *citing* N.T., 4/21/08, at 9-12.  The Superior Court further explained that plaintiff "confirmed that he understood that he was entering 'open plea,' which meant that there was no agreed upon recommendation for sentencing." Id., *citing* N.T. 4/21/08, at 5-6.  Additionally, petitioner entered a written plea colloquy, "through which [petitioner] acknowledged that he was entering an open plea and that, as a result of the charges to which he was pleading guilty, he could be sentenced to up to 80 years in prison." Id.  Thus the Superior Court found that while counsel may have suggested what counsel thought petitioner's sentence may have been, the record showed that petitioner entered his plea with no assurances of a set sentence.  The Superior Court found the claim meritless and that petitioner had not proven counsel was ineffective.

Petitioner attaches to his brief in support of his habeas petition, affidavits from

6

family members, that state that trial counsel also told them that petitioner's sentence would be seven and one-half (7 ½ ) to fifteen (15) years' imprisonment.  However, the Superior Court found that even if counsel had told petitioner what counsel thought petitioner's sentence may be, petitioner's written and oral colloquies made it clear that there was no agreed upon sentence and petitioner could be sentenced to up to eighty years in prison.

Petitioner has failed to prove that the Superior Court's adjudication of petitioner's claim did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1); see also Williams, 529 U.S. at 404-05.  Petitioner does not demonstrate that the state court's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(2).  Accordingly, the instant claim should be denied and dismissed.

IV.     EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's second claim is procedurally defaulted.

A state prisoner must exhaust his remedies in state court in order for a federal court to review the claim and grant relief.  O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process" in order to exhaust his remedies.  O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that

all of the claims alleged have been "fairly presented" to the state courts, and that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983). In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred... there is procedural default for the purpose of federal habeas..." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991).

Further, procedural default occurs when an issue is asserted in the state courts but the state courts do not address the issue on the merits because of an independent and adequate state procedural rule. Coleman, 501 U.S. at 729. "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [b]ecause this Court has no power to review a state law determination that is sufficient to support the judgment." Id. "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court." Id., at 732. An issue is waived if a petitioner fails to raise it and the issue could have been raised before trial, at trial, on appeal, in a habeas corpus proceeding, or in a prior proceeding. 42 Pa. Cons.Stat. Ann. § 9544(b); see also Sistrunk v. Vaughn, 96 F.3d 666, 671 n. 4 (3d Cir.1996) ("[T]he [Pennsylvania Rules of Appellate Procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Commonwealth v.

D'Collanfield, 805 A.2d 1244, 1246 (Pa.Super.Ct.2002) (holding an issue not preserved on appeal was waived).

In the event a petitioner brings a claim which is procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused. Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Wenger v. Frank, 266 F.3d 223, 224 (3d Cir. 2001). To satisfy the cause and prejudice test, petitioner must show that "some objective factor external to the defense impeded efforts to comply with the State's procedural rule." Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004).

Petitioner's second claim is that trial counsel was ineffective for failing to file a motion for reconsideration of sentence. As noted above, respondents contend that petitioner's claim was never properly exhausted in state court and petitioner can no longer bring this claim in state court, hence it is procedurally defaulted.

Our review demonstrates that procedural default is established here.

Petitioner failed to exhaust his claim. Petitioner raised the instant claim in his *pro se* PCRA petition but then abandoned the claim in the amended PCRA petition. Petitioner then raised the instant claim on appeal to the Superior Court of the PCRA court's denial of petitioner's PCRA petition. The Superior Court refused to review the claim. The Superior Court found that petitioner's claim was waived because it was not raised before the PCRA court or in response to the PCRA court's notice of intent to dismiss. See Commonwealth v. Washington, 927 A.2d 586, 601 (Pa. 2007) (reiterating that claims not raised in the PCRA petition are waived and not cognizable on appeal).

Petitioner argues that the issue was raised in his *pro se* PCRA and the Superior Court should not have found it waived. While the court notes that petitioner did originally raise the claim in his *pro se* PCRA petition, petitioner abandoned the claim in the *pro se* amended PCRA petition; thus, the claim was not reviewed by the PCRA court.

The Superior Court rested its decision not to review petitioner's claim purely on state law, with no reference to federal law or the federal constitution. Therefore, this court must further conclude that the Superior Court's determination that petitioner failed to meet the state requirements for review of his claim constitutes an independent state procedural ground. It is not within "the province of a federal habeas court to reexamine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), such as what sort of claims are properly presented in state collateral proceedings. Since, the state court never reviewed this claim on a federal ground that could then be subject to habeas review the claim is considered procedurally defaulted and barred from federal habeas review.

Petitioner has not asserted cause and prejudice, nor has he shown that the court's failure to consider this claim would result in a fundamental miscarriage of justice. Thus, we must dismiss the habeas petition in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 21st day of March, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /S LINDA K. CARACAPPA   
LINDA K. CARACAPPA  
UNITED STATES MAGISTRATE JUDGE